# Exhibit A

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT

IN AND FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

ROBERT RODRIGUEZ,

Plaintiff,

v.

ONE BRIDGE MSO LLC, EDWARD GELFAND, JACOB ELEFANT, RADU OLTEANU

JARED HELFANT, ROBERT KLIMOV, and INDEPENDENCE DENTAL MANAGEMENT,

Defendants.


CASE NO.: PENDING

SUMMONS

THE STATE OF FLORIDA:


TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on

the Defendant named below:


DEFENDANT: Robert Klimov

ADDRESS: 2826 E Oakland Park Blvd, Ste 300, Fort Lauderdale, FL 33306


Each defendant is required to serve written defenses to the attached complaint or petition on Plaintiff,

ROBERT RODRIGUEZ, whose address is 7957 N University Dr, Ste 138, Parkland, FL 33073, within 20

days after service of this summons, exclusive of the day of service, and to file the original of the defenses with

the Clerk of this Court either before service on the Plaintiff or immediately thereafter.


If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the

complaint or petition.

Dated on: ___Apr 30 2025___

JOSEPH ABRUZZO
Clerk of the Circuit Court

By: _____
             Raegan Lee

As Deputy Clerk



**ADA NOTICE (Required by Administrative Order 2.207-7/22):**

English:
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway, West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 20 days before your scheduled court appearance; if you are hearing or voice impaired, call 711.

Spanish:
Si usted es una persona con una discapacidad que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Por favor, póngase en contacto con William Hutchings, Jr., Coordinador del Programa para Personas con Discapacidades del Palacio de Justicia del Condado de Palm Beach, 205 North Dixie Highway, West Palm Beach, Florida 33401; número de teléfono (561) 355-4380, por lo menos 20 días antes de la fecha programada para su comparecencia en el tribunal; si usted tiene discapacidad auditiva o del habla, llame al 711.

Haitian Creole:
Si ou se yon moun ki gen yon andikap ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa a, ou gen dwa, san ou pa gen okenn depans, pou w resevwa asistans. Tanpri kontakte William Hutchings, Jr., Koòdonatè Lwa Ameriken sou Andikap yo, Tribinal Konte Palm Beach, 205 North Dixie Highway, West Palm Beach, Florida 33401; nimewo telefòn (561) 355-4380 omwen 20 jou anvan dat ou gen pou parèt nan tribinal la; si ou gen pwoblèm pou tande oswa pale, rele 711.

22267471 E-Filed 05/02/2025 02:02:47 AM

THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT

IN AND FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

ROBERT RODRIGUEZ,

Plaintiff,

v.

EDWARD GELFAND,

Defendants.

CASE NO.: 502025CA004105XXXAMB

SUMMONS

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on

the Defendant named below:

DEFENDANT: EDWARD GELFAND

ADDRESS: 72 Old Forest Hill Rd, Toronto, ON M5P 2R4

Each defendant is required to serve written defenses to the attached complaint or petition on Plaintiff,

ROBERT RODRIGUEZ, whose address is 7957 N University Dr, Ste 138, Parkland, FL 33073, within 30 days

after service of this summons, exclusive of the day of service, and to file the original of the defenses with the

Clerk of this Court either before service on the Plaintiff or immediately thereafter.

If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the

complaint or petition.

Dated on: **May 07 2025**

**JOSEPH ABRUZZO**
Clerk of the Circuit Court

By: _____
**JOSIE LUCCE**
As Deputy Clerk



**\*\*ADA NOTICE (Required by Administrative Order 2.207-7/22):\*\***

IMPORTANT
A LAWSUIT HAS BEEN FILED AGAINST YOU. YOU HAVE 30 CALENDAR DAYS AFTER
THIS SUMMONS IS SERVED ON YOU TO FILE A WRITTEN RESPONSE TO THE ATTACHED
COMPLAINT WITH THE CLERK OF THIS COURT. A PHONE CALL WILL NOT PROTECT
YOU. YOUR WRITTEN RESPONSE, INCLUDING THE CASE NUMBER GIVEN ABOVE AND
THE NAMES OF THE PARTIES, MUST BE FILED IF YOU WANT THE COURT TO HEAR
YOUR SIDE OF THE CASE. IF YOU DO NOT FILE YOUR RESPONSE ON TIME, YOU MAY
LOSE THE CASE, AND YOUR WAGES, MONEY, AND PROPERTY MAY THEREAFTER BE
TAKEN WITHOUT FURTHER WARNING FROM THE COURT. THERE ARE OTHER LEGAL
REQUIREMENTS. YOU MAY WANT TO CALL AN ATTORNEY RIGHT AWAY. IF YOU DO
NOT KNOW AN ATTORNEY, YOU MAY CALL AN ATTORNEY REFERRAL SERVICE OR A
LEGAL AID OFFICE (LISTED IN THE PHONE BOOK).

IF YOU CHOOSE TO FILE A WRITTEN RESPONSE YOURSELF, AT THE SAME TIME YOU
FILE YOUR WRITTEN RESPONSE TO THE COURT YOU MUST ALSO MAIL OR TAKE A
COPY OF YOUR WRITTEN RESPONSE TO THE APLAINTIFF OR PLAINTIFF(S) ATTORNEY
NAMED BELOW.

IMPORTANTE

Usted ha sido demandado legalrnente. Tiene 30 dias, contados a partir de!recibo de esta notificacion,
para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una Hamada telefonica
no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por
escrito, incluyendo el numero de!caso y los nombres de las partes interesadas. Si usted no contesta la
demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o
privado de sus derechos, sin previo aviso de!tribunal. Existen otros requisitos legales. Si lo desea, puede
usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede Hamar a una de las
oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el
tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada
abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado de!
Demandante).

IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Yous avez 30 jours consecu-tifs a partir de la
date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce
tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Yous etes obliges de deposer
votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici,
si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans
le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent
etre saisis par la suite, sans aucun preavis ulterieur du tribunal. II y a d'autres obligations juridiques et

vous pouvez requerir Jes services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un  service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de
telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, iivous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost  to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans       with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North        Dixie  Highway, WestPalm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before  your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than  7 days; if you are hearing or voice impaired, call 711."

"Si usted es una persona minusvalida que necesita algun acomodamiento para  poder participar en este  procedimiento,  usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad  de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; telefono numero (561) 355-4380,         por lo  menos 7         dias antes de la cita fijada para su  comparecencia  en  los tribunales,  o inmediatamente  despues de recibir esta notificacion si  el tiempo antes de la comparecencia que se ha programado es menos de 7 dias; si usted tiene discapacitacion del oido o de la voz, llame al 711."

"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kek ed. Tanpri kontakte William Hutchings, Jr., koodonate pwogram  Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm
Beach,  Florida 33401; telefon  Ii se (561) 355-4380 nan 7 jou  anvan dat ou gen randevou pou  paret nan  tribinal  la,  oubyen  imedyatman  apre  ou fin  resevwa  konvokasyon an si le ou gen pou w paret nan tribinal la mwens ke 7 jou; si ou gen pwoblem pou w tande oubyen pale, rele 711."

# IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT

IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION


ROBERT RODRIGUEZ,
Plaintiff,
v.
ONE BRIDGE MSO LLC, EDWARD GELFAND, JACOB ELEFANT,
JARED HELFANT, ROBERT KLIMOV, and INDEPENDENCE DENTAL MANAGEMENT,
Defendants.

CASE NO.: PENDING


## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, ROBERT RODRIGUEZ ("Plaintiff"), pro se, sues Defendants ONE BRIDGE MSO LLC, EDWARD GELFAND, JACOB ELEFANT, JARED HELFANT, ROBERT KLIMOV, and INDEPENDENCE DENTAL MANAGEMENT (collectively, "Defendants"), and states:


## I. PARTIES

1. Plaintiff is an individual residing at 7957 N University Dr, Ste 138, Parkland, FL 33073.
2. Defendant One Bridge MSO LLC is a limited liability company with its principal place of business at 2826 E Oakland Park Blvd, Ste 300, Fort Lauderdale, FL 33306.
3. Defendant Edward Gelfand is an individual residing at 72 Old Forest Hill Rd, Toronto, ON M5P 2R4.
4. Defendant Jacob Elefant is an individual residing at 7119 Villa Marbella, Boca Raton, FL 33433.
5. Defendant Jared Helfant is an individual residing at 1276 NE 94th St, Miami Shores, FL 33138.
6. Defendant Robert Klimov is affiliated with One Bridge MSO LLC and operates out of 2826 E Oakland Park Blvd, Ste 300, Fort Lauderdale, FL 33306.

7. Defendant Radu Olteanu is an individual residing at 9105 Northwest 164th St, Hialeah, FL 33018

8. Defendant Independence Dental Management is a business entity involved in the acquisition of dental offices tied to Plaintiff's former equity interest.


## II. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to the Florida Constitution and Florida law, as this is an action for damages in excess of $100,000 and for injunctive and equitable relief.

10. Venue is proper in Palm Beach County, Florida because the business agreements and events giving rise to this action occurred in this county, and several Defendants conduct business in this jurisdiction.


## III. FACTUAL BACKGROUND

11. Plaintiff previously owned equity in a group of dental offices that were sold and aggregated into an entity partially owned and operated by One Bridge MSO LLC.

12. Under the June 2, 2023 Asset Purchase and Contribution Agreement, Plaintiff retained a 25% beneficial interest within the 20% minority ownership of the aggregator entity.

13. Despite no proceeds being distributed to Plaintiff at closing, Defendants issued Plaintiff a Promissory Note which they orally agreed to forgive by June 5, 2025 as a workaround to avoid a taxable event.

14. No closing disclosures, valuations, or disbursement statements were ever provided to Plaintiff.

15. Defendant Gelfand, acting on behalf of One Bridge, later attempted to enforce a coercive amendment converting Plaintiff's equity into stock—eliminating his rights, distributions, and protections—without his consent.

16. Defendants Jacob Elefant and Jared Helfant coordinated with Gelfand to conceal material information, including the terms of the sale and conversion efforts, and failed to protect Plaintiff's equity position.

17. Robert Klimov, as part of One Bridge MSO, actively participated in managing and enforcing the disputed amendment.

18. Independence Dental Management knowingly acquired the dental practices tied to Plaintiff's equity interest and ignored Plaintiff's formal notice of his ownership. They refused to respond and instead complained to One Bridge about Plaintiff's outreach.

19. Shortly after Plaintiff filed formal complaints with the Florida Attorney General and the Florida Board of Dentistry, Gelfand issued a Notice of Default and Acceleration, demanding repayment of the Note in full—clearly retaliatory in nature.

## IV. CAUSES OF ACTION

Count I – Declaratory Relief

20. Plaintiff realleges and incorporates by reference the preceding paragraphs.
21. A bona fide dispute exists as to Plaintiff's ownership interest and the enforceability of the amendment purporting to convert equity into stock.
22. Plaintiff seeks a judicial declaration confirming that he retains his 25% beneficial interest and that the amendment is void and unenforceable.


Count II – Injunctive Relief (TRO and Permanent Injunction)

23. Plaintiff realleges and incorporates by reference the preceding paragraphs.
24. Defendants are actively attempting to transfer, impair, or eliminate Plaintiff's equity interest.
25. Plaintiff has no adequate remedy at law and faces irreparable harm absent immediate injunctive relief.


Count III – Breach of Contract

26. Plaintiff realleges and incorporates by reference the preceding paragraphs.
27. Defendants breached the original equity agreements by failing to pay distributions, attempting to unilaterally amend Plaintiff's rights, and withholding material financial documentation.
28. As a result, Plaintiff has suffered damages exceeding $100,000.


Count IV – Fraudulent Inducement

29. Plaintiff realleges and incorporates by reference the preceding paragraphs.
30. Defendants Gelfand and Radu Olteanu, in the presence of legal counsel, orally promised that the Note would be forgiven by June 5, 2025.
31. This representation was false, and Plaintiff reasonably relied upon it to his detriment.


Count V – Breach of Fiduciary Duty

32. Plaintiff realleges and incorporates by reference the preceding paragraphs.
33. Defendants Gelfand, Olteanu, Klimov, Elefant, and Helfant owed fiduciary duties to Plaintiff as business partners, equity managers, or controlling members.
34. These Defendants breached those duties by concealing information, acting in bad faith, and prioritizing their interests over Plaintiff's rights.

Count VI – Tortious Interference

35. Plaintiff realleges and incorporates by reference the preceding paragraphs.
36. Independence Dental Management was aware of Plaintiff's equity interest and knowingly interfered by finalizing the sale and reporting Plaintiff's communications to One Bridge instead of addressing his ownership claims.
37. This conduct caused direct harm and deprived Plaintiff of rightful equity benefits.

Count VII – Civil Conspiracy

38. Plaintiff realleges and incorporates by reference the preceding paragraphs.
39. Defendants knowingly participated in a coordinated effort to deprive Plaintiff of his equity interest, coerce him into surrendering his rights, and retaliate against his lawful actions.
40. This concerted effort resulted in significant financial and legal harm.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:
a. Declare the amendment void and confirm Plaintiff's continued equity interest;
b. Enter a temporary restraining order and permanent injunction preventing further impairment of Plaintiff's rights;
c. Award compensatory and punitive damages against Defendants;
d. Award costs and such further relief as the Court deems just and proper.

Date: April 25, 2025

Robert Rodriguez
7957 N University Dr, Ste 138
Parkland, FL 33067
md1812@msn.com
772-204-3529

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AD"
CASE NO.: 502025CA004105XXXAMB

ROBERT RODRIGUEZ,
     Plaintiff/Petitioner
vs.
EDWARD GELFAND,
INDEPENDENCE DENTAL MANAGEMENT,
ROBERT KLIMOV,
et al.,
     Defendant/Respondents.
_____/

## UNIFORM DIFFERENTIATED CASE MANAGEMENT ORDER
## AND ORDER SETTING TRIAL
(DCMSNT)

     **THIS MATTER** is a Circuit Civil case calling for a non-jury trial (or streamlined jury by stipulation or court order). Pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.250(a)(1)(B) and 2.545(b), and Fifteenth Judicial Circuit Administrative Order 3.110 (as amended), **Plaintiff/Petitioner is directed to serve this Order upon each Defendant/Respondent with the initial Complaint/Petition and Summons**.

     It is hereby **ORDERED AND ADJUDGED** that this case is designated to the **STREAMLINED TRACK** for time to disposition. The deadlines and procedures set forth in this Order will be strictly enforced unless changed by court order.

Consistent with the Professionalism Expectations of the Florida Supreme Court and the Florida Bar, the parties and counsel are expected to govern themselves at all times with a spirit of cooperation, professionalism and civility. They are expected to accommodate each other whenever reasonably possible and eliminate disputes by reasonable agreements. Self-Represented/*Pro Se* Litigants (i.e., those without counsel) are held to the same procedural and legal obligations as are imposed upon counsel.

## I. SCHEDULING

    A. **Calendar Call**

        **YOU MUST APPEAR FOR A MANDATORY CALENDAR CALL on August 7, 2026 at 8:00 am**. The parties must be ready to try the case by that date. The actual trial period begins on the docket associated with this Calendar Call date as provided in Divisional Instructions or by court order.

        Calendar Call may be conducted in person, via Zoom or by e-calendar. All parties are instructed to review the Court's Divisional Instructions for specific procedures at

Case No. 50-2025-CA-004105-XXXA-MB

www.15thcircuit.com/divisions.

At the Calendar Call, the Court may conduct a final case management conference. Attorneys who appear for Calendar Call must be prepared on all pending matters and have authority to make representations to the Court and enter into binding agreements concerning motions, issues, and scheduling. These include issues raised by the parties' Pre-Trial Stipulation; trial procedures; jury selection procedures; jury instructions and objections; and the need for any special equipment, courtroom facilities, or interpreters. An appearing attorney must be prepared to advise the Court of all attorneys' availability for trial and future hearings as necessary.

**This Order serves as notice to the parties that failure to attend Calendar Call will result in an Order of Dismissal without prejudice, or entry of default, without further notice or hearing.** *See* **Fla. R. Civ. P. 1.200(j)(6).**

B. **Case Management Deadlines**

The following deadlines strictly apply unless otherwise modified by the Court:

| | EVENTS | COMPLETION DEADLINE |
|---|---|---|
| 1. | Service of Complaint | August 23, 2025; service under extension is only by court order. |
| 2. | Answer and/or initial motions/objections directed to the pleadings (i.e. to dismiss or strike) | 20 days after service |
| 3. | Initial Discovery Disclosures | 60 days after service |
| 4. | Amendment of pleadings/Adding parties | October 2, 2025 |
| 5. | Resolution of all motions/ objections directed to the pleadings and pleadings closed | October 22, 2025 |
| 6. | Disclosure of Expert Witness(es) | April 9, 2026 |
| 7. | Disclosure of Rebuttal Experts | April 29, 2026 |
| 8. | Inspections, Expert Witness Depositions and Compulsory Examinations completed | May 19, 2026 |
| 9. | File Witness & Exhibit Lists | June 8, 2026 |
| 10. | Completion of Discovery relating to Summary Judgment and *Daubert* Motions | May 19, 2026 |
| 11. | File and Serve Motion(s) for Summary Judgment and *Daubert* Motions | May 29, 2026 |
| 12. | File Rebuttal Witness Lists | June 18, 2026 |
| 13. | Completion of All Discovery | June 28, 2026 |
| 14. | Pre-Trial Meet & Confer | July 8, 2026 |
| 15. | File all Pre-Trial Motions (i.e. Motions in Limine) | July 8, 2026 |
| 16. | Deadline for Mediation | July 28, 2026 |

Case No. 50-2025-CA-004105-XXXA-MB

| 17. | Deposition Designations | July 28, 2026 |
|---|---|---|
| 18. | File Joint Pre-Trial Stipulation | July 28, 2026 |
| 19. | Deadline to hear ALL Motions | August 2, 2026 |
| 20. | Jury Instructions and Verdict Form | August 4, 2026 |
| 21. | Calendar Call/Trial Ready Date | August 7, 2026 |
| 22. | Trial Period | Begins on the docket associated with the above Calendar Call date, as provided in Divisional Instructions or by court order. |

**Note: If the above deadlines fall on a weekend or holiday, please refer to Fla. R. Gen. Prac. & Jud. Admin. 2.514.**

The parties are expected to actively manage the case and to confer early and often to ensure compliance with the Florida Rules of Civil Procedure and this order in timely resolving this case. **The parties are encouraged to file, meet, and make disclosures prior to the deadlines imposed above, in order to ensure compliance with the Rules requiring timely disposition of cases**.

The Court may, at any time, modify this Order by entry of: 1) an Amended Trial Order, 2) an Amended Case Management Order; or 3) any other Order intended to establish a modified case resolution schedule, any of which shall supersede the deadlines set forth in this Order. The Court reserves the authority to expedite the trial setting and amend pretrial deadlines accordingly. The Court further retains its discretion to modify any provision herein.

C. **Motions**

Unless court approval is required to set a particular motion for hearing, the parties must expeditiously set all contested motions for hearing. All non-dispositive motions, including motions directed to the pleadings, must be scheduled for hearing within **five (5) days** of filing. Parties shall schedule the hearing for the first vacancy on the Court's docket when all parties are available. **Failure to schedule a hearing within five (5) days may result in the Court deeming the motion(s) abandoned without further notice or hearing**.

The moving party shall be the party responsible for securing the presence of a court reporter. The moving party shall advise all parties in writing in advance of the hearing or trial of the arrangements made, if any, for the presence of a court reporter, or shall advise all parties in advance of the hearing or trial that the moving party has chosen not to obtain a court reporter.

Before filing a non-dispositive motion, the movant must follow Rule 1.202 and Local Rule 4. Failure to comply with the requirements of Rule 1.202 and Local Rule 4 may result in sanctions against the non-compliant party.

The requirements of Rule 1.202 do not apply when the movant or the nonmovant is unrepresented by counsel (*pro se*).

### D.  Extensions, Modifications and Continuances

**Extensions of Deadlines Other than Trial/Calendar Call: All motions to extend deadlines must be filed prior to the deadline.** Untimely motions will be denied absent compelling circumstances and a showing of good cause.

The parties must strictly follow Rule 1.200(e) and Administrative Order 3.110 (as amended) when filing motions for extension or modification. If the parties agree, and the extension will not prevent the case from being trial ready by the original Calendar Call date, the parties may file a motion and submit for the Court's consideration an agreed order or proposed Amended DCMO, as applicable under Rule 1.200(e)(1). The motion shall identify which deadlines are requested to be extended and the basis for the request. Each agreed order or Amended DCMO must contain agreed-upon dates for all remaining deadlines and confirm that the Calendar Call date remains as previously set. The Court will accept the amendment or direct the parties to set a DCM Conference. **Agreements to extend the dates for the filing of Summary Judgment and *Daubert* motions, and for completion of discovery, must be set for hearing, and the parties must be prepared to address how the proposed extension will not affect the Calendar Call date.**

**Motions to Continue Trial:** Motions to continue trial must strictly comply with Rule 1.460. **Motions to continue are disfavored and will rarely be granted and then only upon good cause shown. Successive continuances are highly disfavored. Lack of due diligence in preparing for trial is not grounds to continue the case.** Failure to timely complete discovery and/or file a motion for summary judgment shall not be grounds to continue the trial.

### E.  DCM Conferences

If any party is unable to meet the deadlines set forth in this Order for any reason, including unavailability of hearing time, the affected party must promptly set a DCM conference as described in Administrative Order 3.110 (as amended), identifying the hearing time requested and the pending motion(s). DCM conferences shall be scheduled through online scheduling (OLS) on either the Court's: 1) DCM - Case Management Conference docket; or 2) Uniform Motion Calendar, in accordance with Divisional Instructions.

## II.  UNIFORM PRE-TRIAL PROCEDURE

### A.  TIMELY SERVICE AND DEFAULTS

Parties must make reasonable efforts to ensure speedy service. Each return of service must be separately filed for each defendant. If service is not completed within ninety (90) days, an Order will be issued directing service by the **ONE-HUNDRED**

Case No. 50-2025-CA-004105-XXXA-MB

**TWENTY (120) DAY DEADLINE.** Failure to comply will result in dismissal of the case or party for lack of service. Any motions to extend the deadline for service must specify why service could not have been effectuated, what has and is being done to effectuate service and request only that amount of additional time necessary.

If all defendants become defaulted, a Motion for Default Final Judgment along with supporting documentation must be filed within **thirty (30) days** of the last default and set for hearing at the next available hearing time.

B. INITIAL DISCLOSURES

Within **sixty (60) days after service** on a defendant, and except as exempted by Rule 1.280(a)(2) or as ordered by the court, each party must, without awaiting a discovery request, provide to the other parties initial discovery disclosures in compliance with Rule 1.280(a), unless privileged or protected from disclosure.

C. EXHIBITS AND WITNESSES

No later than **sixty (60) days before Calendar Call**, each party shall file and exchange lists of all trial exhibits, names, and addresses of all trial witnesses. Each party's witness list must include a brief description of the substance and scope of the testimony to be elicited from each witness. Both sides must cooperate in the scheduling of all witness depositions.

Each party's exhibit list shall include each exhibit separately numbered and identified. Generic or prospective designations are not allowed (e.g. insurer's file, documents to be produced, etc.). Each party shall provide for a reasonable time and place for the other parties to review and copy the exhibits.

D. EXPERT WITNESS DISCLOSURES

In addition to the names and addresses of each expert retained to formulate an expert opinion, as well as any hybrid fact/expert witnesses, no later than **one-hundred and twenty (120) days before Calendar Call**, the parties must provide:

1. The subject matter about which the expert will testify;
2. The opinions to which the expert will testify;
3. A summary of the grounds and facts for each opinion; and
4. A copy of the expert's curriculum vitae.

**Each expert will be limited to testifying only about those matters which have been fully disclosed.**

Parties shall furnish opposing counsel with two (2) alternative dates of availability of all expert witnesses for the purpose of taking their deposition. All parties shall cooperate in the scheduling of expert depositions.

Case No. 50-2025-CA-004105-XXXA-MB

The parties shall also provide answers to standard form expert interrogatories. All reports or other data compiled by each disclosed expert which are intended to be used by the expert and/or referred to during his/her deposition testimony shall be provided electronically to all opposing parties at least 72 hours prior to the date of the scheduled deposition.

**Rebuttal/Responsive Experts**

No later than **one-hundred (100) days before Calendar Call**, the parties shall provide opposing counsel with a written list with the names and addresses of all rebuttal/responsive expert witnesses intended to be called at trial and only those rebuttal/responsive expert witnesses listed shall be permitted to testify. The parties shall also furnish opposing counsel with expert reports or summaries of all rebuttal/responsive expert witnesses' anticipated testimony to the same extent as the expert disclosure requirement above.

Within **twenty (20) days** following this disclosure, the parties shall make their rebuttal/responsive experts available for deposition. The experts' depositions may be conducted without further court order.

E. REBUTTAL FACT WITNESSES AND EXHIBITS

No later than **fifty (50) days before Calendar Call**, the parties must file and exchange lists of names and addresses of all rebuttal fact witnesses and lists of any rebuttal exhibits.

F. ADDITIONAL EXHIBITS, WITNESSES OR OBJECTIONS

At trial, the parties will be strictly limited to exhibits and witnesses previously disclosed absent agreement of the parties or order of the Court upon good cause shown. A party desiring to use an exhibit or witness discovered after counsel have conferred must immediately furnish the Court and other counsel with a description of the exhibit or with the witness' name and address and the expected subject matter of the witness' testimony, together with the reason for the late discovery of the exhibit or witness. Failure to reserve objections constitutes a waiver. Use of the exhibit or witness may be allowed by the Court for good cause shown.

G. DEPOSITION DESIGNATIONS

No later than **ten (10) days prior to Calendar Call**, each party must serve deposition designations, or portions of depositions, each intends to offer as testimony. No later than **eight (8) days prior to Calendar Call**, each opposing party is to serve any counter (or "fairness") designations, together with objections to the depositions, or portions thereof, originally designated. No later than **five (5) days before Calendar Call**, each party must serve any objections to counter-designations served by an opposing party.

Case No. 50-2025-CA-004105-XXXA-MB

### H. DISCOVERY COMPLETION

All discovery relating to Summary Judgment and *Daubert* motions must be completed no later than **eighty (80) days prior to Calendar Call**.

All discovery must be completed no later than **forty (40) days prior to Calendar Call**.

Rulings as to admission on late discovery will be made on a case by case basis. Absent unforeseeable, exigent circumstances, the failure to complete discovery is not grounds for a continuance.

### I. COUNSEL MEETING AND PRE-TRIAL STIPULATION

Counsel or the parties, if not represented by counsel, shall meet in person at a mutually convenient time and place no later than **thirty (30) days before Calendar Call** to discuss settlement, simplify the issues, and stipulate to as many facts and issues as possible, and prepare a Pre-Trial Stipulation in accordance with this paragraph.

It shall be the duty of Plaintiff's counsel to see that the Pre-Trial Stipulation is drawn, executed by counsel for all parties, and filed with the Clerk no later than **ten (10) days prior to Calendar Call. UNILATERAL PRE-TRIAL STIPULATIONS ARE DISALLOWED, UNLESS APPROVED BY THE COURT AFTER NOTICE AND HEARING.** If a party does not receive a substantive response to a proposed Pre-Trial Stipulation after good faith effort, such party shall file a unilateral Pre-Trial Stipulation with a certification of all efforts that were made to confer with the opposing party. Counsel for all parties are charged with good faith cooperation in preparing the Pre-Trial Stipulation, and the parties shall make exhibits available for inspection and copying. Failure to cooperate in preparing the Pre-Trial Stipulation may result in striking pleadings, witnesses, or exhibits.

The Pre-Trial Stipulation must contain the following in separately numbered paragraphs:

1. Names and contact information of attorneys to try case.
2. A list of all pending motions requiring action by the Court. **Motions not listed are deemed abandoned or waived**.
3. A statement of estimated trial time, including the total number of trial days anticipated, and the time needed per side for (1) jury selection, (2) opening arguments, (3) each case in chief, and (4) closing arguments.
4. **Statement of the Facts:** A concise statement of the facts in an impartial, easily understandable manner which may be read to the jury.
5. **Statement Facts and Agreed Rules of Law:** A list of any stipulated facts requiring no proof at trial and any agreed rules of law.

Case No. 50-2025-CA-004105-XXXA-MB

6. **Statements of Disputed Law & Fact:** A statement of disputed issues of law and fact that are to be tried.

7. **Witness Lists:** Parties must attach their previously filed Witness Lists, including rebuttal or impeachment witnesses. If any party objects to any witness, such objections must be stated in the Stipulation, setting forth the grounds with specificity. At trial, all parties will be strictly limited to witnesses properly and timely disclosed. Only those witnesses listed by NAME will be permitted to testify at trial.

8. **Exhibit Lists:** Parties must attach their previously filed Exhibit Lists. All exhibits to be offered in evidence at trial must have been made available to opposing counsel for examination. Only those exhibits listed may be offered in evidence. If any party objects to the introduction of any such exhibit, such objection must be stated in the Pre-Trial Stipulation, setting forth the grounds with specificity. Demonstrative exhibits (e.g. PowerPoints, charts, enlargements of exhibits) to be used at a Jury Trial must be displayed to all counsel before being shown to the jury. All exhibits must be pre-marked and numbered consistent with Clerk guidelines.

9. **Jury Instructions:** Counsel must identify all agreed-upon standard jury instructions and all special instructions. Any objections or disputed jury instructions must be attached and identified as to the party that proposed the instruction [indicated in redline/track changes]. Copies of all agreed-upon instructions or disputed instructions must be attached to the Stipulation as one document, redlined as necessary, along with copies of supporting statutory citations and/or case law.

10. **Verdict Forms:** The jury verdict form must be attached and designated as agreed to or disputed.

11. **Peremptory Challenges:** State the number of peremptory challenges for each party.

12. Other agreements or issues for trial, if any.

Failure to file a Joint Pre-Trial Stipulation as provided above may result in Court-imposed sanctions, including dismissal or default without further notice of the Court.

J. MOTIONS

**Summary Judgment and *Daubert* Motions** must be filed at least **seventy (70) days before Calendar Call**. The parties shall confer regarding summary judgment motions to ensure discovery necessary for those motions is completed in advance of their filing.

**ALL MOTIONS** (including dispositive motions and motions in limine), deposition objections, and expert challenges must be filed, served and heard at least **five (5) days before Calendar Call**.

K. PRE-MARKING EXHIBITS

Prior to trial, each party is to mark for identification all exhibits in accordance with

Case No. 50-2025-CA-004105-XXXA-MB

the guidelines of the Clerk of Court. Instructions and templates may be found at: www.mypalmbeachclerk.com/departments/courts/evidence-guidelines/civil-evidence).

## L. ENLARGED JURY PANELS

Local Rules require advance approval of the Chief Judge and Jury Office for jury panels exceeding 31 jurors. **To ensure enough jurors are available, requests for enlarged jury panels must be resolved at least six (6) months before Calendar Call.** Failure to timely request an enlarged panel may result in Court-ordered sanctions, including a limitation on peremptory challenges.

## M. INTERPRETERS

Unless otherwise ordered by the Court, it shall be the responsibility of the party who needs the services of an interpreter, whether for a litigant or for a witness, to have a competent interpreter present in court.

## N. JURY INSTRUCTIONS AND VERDICT FORM

A joint set of proposed jury instructions and a proposed verdict form must be provided to the court no less than **three (3) days before Calendar Call** in a printed form appropriate for submission to the jury and in Microsoft Word format.

If there is an objection to a proposed instruction, the instruction should be followed by the specific objection, a brief explanation, and a citation to legal authority. If an alternative or modified instruction is proposed, it should follow the instruction it is intended to replace.

## O. UNIQUE QUESTIONS OF LAW

Prior to calendar call, counsel for the parties are directed to exchange and simultaneously submit to the Court appropriate memoranda with citations to legal authority in support of any unique legal questions that may reasonably be anticipated to arise during the trial.

## III. **MEDIATION**

### A. MEDIATION REQUIRED

1. All parties are required to participate in mediation.
2. The attendance of counsel who will try the case and representatives of each party with full authority to enter into a complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits must attend.
3. At least one week prior to a scheduled mediation conference, all parties are to file with the mediator a brief, written summary of the case containing a list of

Case No. 50-2025-CA-004105-XXXA-MB

issues as to each party.

4. All communications at the mediation conference are privileged consistent with Florida Statutes sections 44.102 and 90.408.

5. The mediator has no power to compel or enforce a settlement agreement. If a settlement is reached, it is a responsibility of the attorneys or parties to reduce the agreement to writing and to comply with Florida Rule of Civil Procedure 1.730(b), unless waived.

B. MEDIATION SCHEDULING

**The Plaintiff's attorney is responsible for scheduling mediation.** The parties should agree on a mediator. If they are unable to agree, any party may apply to the Court for appointment of a mediator in conformity with Rule 1.720 (j), Fla. R. Civ. P. The lead attorney or party must file and serve on all parties and the mediator a Notice of Mediation giving the time, place, and date of the mediation and the mediator's name.

C. COMPLETION OF MEDIATION BEFORE CALENDAR CALL

Completion of mediation prior to calendar call is a prerequisite to trial and must be completed no later than **ten (10) days prior to Calendar Call**. If mediation is not conducted, or if a party fails to participate in mediation, the Court may impose sanctions, including monetary sanctions, striking pleadings and witnesses, and dismissal or default without further notice of the Court.

D. OPPOSITION TO MEDIATION

Any party opposing mediation may proceed under Florida Rule of Civil Procedure 1.700(b).

IV. **NON-COMPLIANCE**

**NON-COMPLIANCE WITH ANY PORTION OF THIS ORDER MAY RESULT IN THE STRIKING OF THE PLEADINGS, WITNESSES, OR EXHIBITS, ENTRY OF DEFAULT OR DISMISSAL WITHOUT FURTHER NOTICE OF THE COURT, OR IMPOSITION OF SUCH OTHER SANCTIONS AS IS JUST AND PROPER.**

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.

50-2025-CA-004105-XXXA-MB   04/30/2025
Jaimie R. Goodman   Circuit Judge

50-2025-CA-004105-XXXA-MB   04/30/2025
Jaimie R. Goodman
Circuit Judge

Case No. 50-2025-CA-004105-XXXA-MB

A copy of this Order has been furnished to the Plaintiff. The Plaintiff shall serve this Order to the Defendant(s) in compliance with Administrative Order 3.110 (amended).

Case No. 50-2025-CA-004105-XXXA-MB

# ADA NOTICE

This notice is provided pursuant to Administrative Order No. 2.207-7/22

"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT

IN AND FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

ROBERT RODRIGUEZ,

Plaintiff,

v.

ONE BRIDGE MSO LLC, EDWARD GELFAND, JACOB ELEFANT, RADU OLTEANU

JARED HELFANT, ROBERT KLIMOV, and INDEPENDENCE DENTAL MANAGEMENT,

Defendants.

CASE NO.: PENDING

BEFORE ME, the undersigned authority, personally appeared ROBERT RODRIGUEZ, who, being duly sworn, deposes and states as follows:

1. My name is ROBERT RODRIGUEZ, and I am over the age of eighteen and otherwise competent to testify.

2. I am the Plaintiff in the foregoing Verified Complaint and make this Verification based on my personal knowledge.

3. I have read the foregoing Verified Complaint and hereby verify that the allegations contained therein are true and correct to the best of my knowledge, information, and belief.

_____
ROBERT RODRIGUEZ

Subscribed and sworn to before me this 18 day of
APRIL , 2025, by ROBERT RODRIGUEZ, who is
personally known to me or who produced valid
identification. FL DRIVER LICENSE

_____
Notary Public, State of Florida
My Commission Expires: 08/10/2027

Notary Public, State of Florida
Giuseppe Farese
My Commission HH 4...56
Expires 8 10/2027

# IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT

IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION

ROBERT RODRIGUEZ,
Plaintiff,
v.
ONE BRIDGE MSO LLC, EDWARD GELFAND, JACOB ELEFANT,
JARED HELFANT, ROBERT KLIMOV, and INDEPENDENCE DENTAL MANAGEMENT,
Defendants.

CASE NO.: Pending

## NOTICE OF RELATED CASES

Plaintiff, ROBERT RODRIGUEZ, pursuant to Florida Rule of Judicial Administration 2.545(d), hereby notifies the Court of the existence of a related case currently pending in this Court involving overlapping facts, legal issues, and parties. In support, Plaintiff states:

1. The related case is styled:
Robert Rodriguez v. One Bridge MSO LLC and Edward Gelfand

2. It is filed in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, and involves similar claims relating to Plaintiff's equity interest, the attempted conversion of that interest to stock, and retaliatory enforcement of a promissory note.

3. The Defendants in the present case participated in or benefited from the same alleged course of misconduct as detailed in the related case.

4. This case and the related case share common issues of law and fact and may be subject to coordinated judicial management to avoid duplication of effort and inconsistent rulings.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court take judicial notice of

the related case and consider appropriate coordination for efficiency and consistency.

Respectfully submitted,

Robert Rodriguez
7957 N University Dr, Ste 138
Parkland, FL 33073
Email: md1812@msn.com
Phone: 772-204-3529
Pro Se Plaintiff

Filing # 222173930 E-Filed 05/01/2025 12:38:05 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT

IN AND FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

ROBERT RODRIGUEZ,

Plaintiff,

v.

EDWARD GELFAND,

 Defendants.


CASE NO.: 502025CA003921XXXAMB

 SUMMONS

THE STATE OF FLORIDA:


TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on

the Defendant named below:


DEFENDANT: EDWARD GELFAND

ADDRESS: 72 Old Forest Hill Rd, Toronto, ON M5P 2R4


Each defendant is required to serve written defenses  to the attached complaint or  petition  on  Plaintiff,

ROBERT RODRIGUEZ, whose address is 7957 N University Dr, Ste 138, Parkland, FL 33073, within 30 days

after service of this summons, exclusive of the day of service, and to file the original of the defenses with the

Clerk of this Court either before service on the Plaintiff or immediately thereafter.


If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the

complaint or petition.

Dated on: **May 06 2025**
**JOSEPH ABRUZZO**
Clerk of the Circuit Court

By: _signature_
**JOSIE LUCCE**
As Deputy Clerk



**\*\*ADA NOTICE (Required by Administrative Order 2.207-7/22):\*\***

IMPORTANT
A LAWSUIT HAS BEEN FILED AGAINST YOU. YOU HAVE 30 CALENDAR DAYS AFTER THIS SUMMONS IS SERVED ON YOU TO FILE A WRITTEN RESPONSE TO THE ATTACHED COMPLAINT WITH THE CLERK OF THIS COURT. A PHONE CALL WILL NOT PROTECT YOU. YOUR WRITTEN RESPONSE, INCLUDING THE CASE NUMBER GIVEN ABOVE AND THE NAMES OF THE PARTIES, MUST BE FILED IF YOU WANT THE COURT TO HEAR YOUR SIDE OF THE CASE. IF YOU DO NOT FILE YOUR RESPONSE ON TIME, YOU MAY LOSE THE CASE, AND YOUR WAGES, MONEY, AND PROPERTY MAY THEREAFTER BE TAKEN WITHOUT FURTHER WARNING FROM THE COURT. THERE ARE OTHER LEGAL REQUIREMENTS. YOU MAY WANT TO CALL AN ATTORNEY RIGHT AWAY. IF YOU DO NOT KNOW AN ATTORNEY, YOU MAY CALL AN ATTORNEY REFERRAL SERVICE OR A LEGAL AID OFFICE (LISTED IN THE PHONE BOOK).

IF YOU CHOOSE TO FILE A WRITTEN RESPONSE YOURSELF, AT THE SAME TIME YOU FILE YOUR WRITTEN RESPONSE TO THE COURT YOU MUST ALSO MAIL OR TAKE A COPY OF YOUR WRITTEN RESPONSE TO THE APLAINTIFF OR PLAINTIFF(S) ATTORNEY NAMED BELOW.

IMPORTANTE

Usted ha sido demandado legalrnente. Tiene 30 dias, contados a partir de!recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una Hamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero de!caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso de!tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede Hamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado de! Demandante).

IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Yous avez 30 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Yous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et

vous pouvez requerir Jes services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un  service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de
telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, iivous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost  to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans       with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North        Dixie  Highway, WestPalm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before  your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than  7 days; if you are hearing or voice impaired, call 711."

"Si usted es una persona minusvalida que necesita algun acomodamiento para  poder  participar  en este  procedimiento,  usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad  de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; telefono numero (561)  355-4380,          por lo   menos 7         dias antes de la cita fijada para su  comparecencia en  los tribunales,  o inmediatamente  despues de recibir esta notificacion si  el tiempo antes de la comparecencia que se ha programado es menos de 7 dias; si usted tiene discapacitacion del oido o de la voz, llame al 711."

"Si ou se yon moun ki enfm ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kek ed. Tanpri kontakte William Hutchings, Jr., koodonate pwogram  Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm
Beach, Florida  33401; telefon  Ii se (561) 355-4380 nan 7 jou  anvan dat ou gen randevou pou paret nan tribinal la, oubyen  imedyatman apre ou fin resevwa  konvokasyon an si le ou gen pou w paret nan tribinal la mwens ke 7 jou; si ou gen pwoblem pou w tande oubyen pale, rele 711."

# IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT

IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION

ROBERT RODRIGUEZ,
Plaintiff,
v.
ONE BRIDGE MSO LLC, EDWARD GELFAND, JACOB ELEFANT,
JARED HELFANT, ROBERT KLIMOV, and INDEPENDENCE DENTAL MANAGEMENT,
Defendants.

CASE NO.: PENDING

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, ROBERT RODRIGUEZ ("Plaintiff"), pro se, sues Defendants ONE BRIDGE MSO LLC, EDWARD GELFAND, JACOB ELEFANT, JARED HELFANT, ROBERT KLIMOV, and INDEPENDENCE DENTAL MANAGEMENT (collectively, "Defendants"), and states:

## I. PARTIES

1. Plaintiff is an individual residing at 7957 N University Dr, Ste 138, Parkland, FL 33073.
2. Defendant One Bridge MSO LLC is a limited liability company with its principal place of business at 2826 E Oakland Park Blvd, Ste 300, Fort Lauderdale, FL 33306.
3. Defendant Edward Gelfand is an individual residing at 72 Old Forest Hill Rd, Toronto, ON M5P 2R4.
4. Defendant Jacob Elefant is an individual residing at 7119 Villa Marbella, Boca Raton, FL 33433.
5. Defendant Jared Helfant is an individual residing at 1276 NE 94th St, Miami Shores, FL 33138.
6. Defendant Robert Klimov is affiliated with One Bridge MSO LLC and operates out of 2826 E Oakland Park Blvd, Ste 300, Fort Lauderdale, FL 33306.

7. Defendant Radu Olteanu is an individual residing at 9105 Northwest 164th St, Hialeah, FL 33018

8. Defendant Independence Dental Management is a business entity involved in the acquisition of dental offices tied to Plaintiff's former equity interest.

## II. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to the Florida Constitution and Florida law, as this is an action for damages in excess of $100,000 and for injunctive and equitable relief.

10. Venue is proper in Palm Beach County, Florida because the business agreements and events giving rise to this action occurred in this county, and several Defendants conduct business in this jurisdiction.

## III. FACTUAL BACKGROUND

11. Plaintiff previously owned equity in a group of dental offices that were sold and aggregated into an entity partially owned and operated by One Bridge MSO LLC.

12. Under the June 2, 2023 Asset Purchase and Contribution Agreement, Plaintiff retained a 25% beneficial interest within the 20% minority ownership of the aggregator entity.

13. Despite no proceeds being distributed to Plaintiff at closing, Defendants issued Plaintiff a Promissory Note which they orally agreed to forgive by June 5, 2025 as a workaround to avoid a taxable event.

14. No closing disclosures, valuations, or disbursement statements were ever provided to Plaintiff.

15. Defendant Gelfand, acting on behalf of One Bridge, later attempted to enforce a coercive amendment converting Plaintiff's equity into stock—eliminating his rights, distributions, and protections—without his consent.

16. Defendants Jacob Elefant and Jared Helfant coordinated with Gelfand to conceal material information, including the terms of the sale and conversion efforts, and failed to protect Plaintiff's equity position.

17. Robert Klimov, as part of One Bridge MSO, actively participated in managing and enforcing the disputed amendment.

18. Independence Dental Management knowingly acquired the dental practices tied to Plaintiff's equity interest and ignored Plaintiff's formal notice of his ownership. They refused to respond and instead complained to One Bridge about Plaintiff's outreach.

19. Shortly after Plaintiff filed formal complaints with the Florida Attorney General and the Florida Board of Dentistry, Gelfand issued a Notice of Default and Acceleration, demanding repayment of the Note in full—clearly retaliatory in nature.

## IV. CAUSES OF ACTION

### Count I – Declaratory Relief

20. Plaintiff realleges and incorporates by reference the preceding paragraphs.
21. A bona fide dispute exists as to Plaintiff's ownership interest and the enforceability of the amendment purporting to convert equity into stock.
22. Plaintiff seeks a judicial declaration confirming that he retains his 25% beneficial interest and that the amendment is void and unenforceable.

### Count II – Injunctive Relief (TRO and Permanent Injunction)

23. Plaintiff realleges and incorporates by reference the preceding paragraphs.
24. Defendants are actively attempting to transfer, impair, or eliminate Plaintiff's equity interest.
25. Plaintiff has no adequate remedy at law and faces irreparable harm absent immediate injunctive relief.

### Count III – Breach of Contract

26. Plaintiff realleges and incorporates by reference the preceding paragraphs.
27. Defendants breached the original equity agreements by failing to pay distributions, attempting to unilaterally amend Plaintiff's rights, and withholding material financial documentation.
28. As a result, Plaintiff has suffered damages exceeding $100,000.

### Count IV – Fraudulent Inducement

29. Plaintiff realleges and incorporates by reference the preceding paragraphs.
30. Defendants Gelfand and Radu Olteanu, in the presence of legal counsel, orally promised that the Note would be forgiven by June 5, 2025.
31. This representation was false, and Plaintiff reasonably relied upon it to his detriment.

### Count V – Breach of Fiduciary Duty

32. Plaintiff realleges and incorporates by reference the preceding paragraphs.
33. Defendants Gelfand, Olteanu, Klimov, Elefant, and Helfant owed fiduciary duties to Plaintiff as business partners, equity managers, or controlling members.
34. These Defendants breached those duties by concealing information, acting in bad faith, and prioritizing their interests over Plaintiff's rights.

Count VI – Tortious Interference

35. Plaintiff realleges and incorporates by reference the preceding paragraphs.
36. Independence Dental Management was aware of Plaintiff's equity interest and knowingly interfered by finalizing the sale and reporting Plaintiff's communications to One Bridge instead of addressing his ownership claims.
37. This conduct caused direct harm and deprived Plaintiff of rightful equity benefits.

Count VII – Civil Conspiracy

38. Plaintiff realleges and incorporates by reference the preceding paragraphs.
39. Defendants knowingly participated in a coordinated effort to deprive Plaintiff of his equity interest, coerce him into surrendering his rights, and retaliate against his lawful actions.
40. This concerted effort resulted in significant financial and legal harm.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:
a. Declare the amendment void and confirm Plaintiff's continued equity interest;
b. Enter a temporary restraining order and permanent injunction preventing further impairment of Plaintiff's rights;
c. Award compensatory and punitive damages against Defendants;
d. Award costs and such further relief as the Court deems just and proper.

Date: _____   April 25, 2025

Robert Rodriguez
7957 N University Dr, Ste 138
Parkland, FL 33067
md1812@msn.com
772-204-3529

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION

CASE NO. 502025CA004105XXXAMB

ROBERT RODRIGUEZ,
Plaintiff,

v.

ONE BRIDGE MSO LLC, EDWARD GELFAND, et al.,
Defendants.

ROBERT RODRIGUEZ,
Plaintiff,

v.

ONE BRIDGE MSO LLC, EDWARD GELFAND, RADU OLTEANU,
ROBERT KLIMOV, INDEPENDENCE DENTAL MANAGEMENT,
JACOB ELEFANT, and JARED HELFANT,
Defendants.

I, Robert Rodriguez, declare under penalty of perjury that
the following is true and correct:

1. I am the Plaintiff in the above-captioned matter and a
25% equity holder in the aggregator entity impacted by the
actions of One Bridge MSO LLC and Edward Gelfand.

2. I never consented to the amendment purporting to
convert my equity into stock or phantom equity.

3. I was excluded from all distributions and
communications relating to the sale of the practices to
Independence Dental.

4. The amendment was executed and enforced in retaliation
after I raised questions regarding valuation and distribution
rights.

5. These actions have already caused me financial injury
and risk the permanent loss of my equity rights.

6. Upon information and belief, Edward Gelfand and other
principal actors of One Bridge MSO LLC reside outside the
United States, including Canada, and maintain significant

operational and financial control over the corporate
structure from outside the jurisdiction of this Court.

7. If the pending transaction involving a sale or
recapitalization is completed, there is a material risk that
assets or proceeds may be transferred or dissipated beyond
the reach of Florida jurisdiction, impairing this Court's
ability to grant effective relief and causing irreparable
harm.

FURTHER DECLARANT SAYETH NAUGHT.


DATED: May 2nd, 2025

Robert Rodriguez


STATE OF FLORIDA

COUNTY OF Broward


Sworn to and subscribed before me by means of [✓]
physical presence or [ ] online notarization,
this 2nd day of May, 2025, by Robert
Rodriguez, who is personally known to me or
has produced F i c e, D7   O R i v E R   L C E N S E as
identification.

Notary Public, State of Florida
My Commission Expires: O C C 9 , 2 0 2 5

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT

IN AND FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

ROBERT RODRIGUEZ,

Plaintiff,

v.

ONE BRIDGE MSO LLC, EDWARD GELFAND, JACOB ELEFANT, RADU OLTEANU

JARED HELFANT, ROBERT KLIMOV, and INDEPENDENCE DENTAL MANAGEMENT,

Defendants.

CASE NO.: PENDING

BEFORE ME, the undersigned authority, personally
appeared ROBERT RODRIGUEZ, who, being duly sworn,
deposes and states as follows:

1. My name is ROBERT RODRIGUEZ, and I am over the
age of eighteen and otherwise competent to testify.

2. I am the Plaintiff in the foregoing Verified Complaint
and make this Verification based on my personal
knowledge.

3. I have read the foregoing Verified Complaint and hereby
verify that the allegations contained therein are true and
correct to the best of my knowledge, information, and
belief.

_____
ROBERT RODRIGUEZ

Subscribed and sworn to before me this 18 day of
_____APRIL_____, 2025, by ROBERT RODRIGUEZ, who is
personally known to me or who produced valid
identification. FL DRIVER LICENSE

_____
Notary Public, State of Florida
My Commission Expires: 08/10/2027

Notary Public, State of Florida
Giuseppe Farese
My Commission HH 410056
Expires 8 10 2027

## PROCESS SERVER INSTRUCTIONS – MULTIPLE CASES

**To:** Process Server

**From:** Robert Rodriguez

**Date:** May 07, 2025

**Subject:** Personal Service of Two Civil Cases on Defendant – Edward Gelfand

**Defendant to be Served:**

Edward Gelfand

Serve at: One Bridge MSO, 2826 E Oakland Park Blvd, Ste 300, Fort Lauderdale, FL 33306

**Instructions:**

You are requested to personally serve the following two civil cases on Edward Gelfand. While the defendant is the same, each case must be served with a complete and independent set of documents.

**Case 1:**

Robert Rodriguez v. One Bridge MSO LLC, et al.

Case No. 502025CA004105XXXAMB

Includes: Summons, Complaint, and associated court filings.

**Case 2:**

Robert Rodriguez v. Jacob Elefant, Jared Helfant, Edward Gelfand, et al.

Case No. 502025CA003921XXXAMB

Includes: Summons, Complaint, and associated court filings.

**Important Notes:**

- Deliver both packets together, but keep each case clearly labeled and separate.

- Obtain a signed acknowledgment of receipt if the defendant is cooperative (optional).

- Complete a separate Proof of Service (Affidavit of Service) for each case.

- Note the exact date, time, and location of delivery for both services.


Thank you for your assistance.


Sincerely,

Robert Rodriguez

7957 N University Dr, Ste 138

Parkland, FL 33073

Email: md1812@msn.com | Phone: (772) 204-3529

# IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT

IN AND FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: 50-2025-CA-004240-XXXA-MB

PLAINTIFF: ROBERT RODRIGUEZ

v.

DEFENDANTS: OneBridge TDG MSO (US) LP, Independence Dental Management, Jared Helfant, Jacob Elefant, Edward Gelfand, Robert Klimov, and Radu Olteanu

## NOTICE OF CORRECTED CAPTION AND SCRIVENER'S ERRORS

COMES NOW the Plaintiff, Robert Rodriguez, and pursuant to Florida Rule of Civil Procedure 1.100(c), files this Notice to correct non-substantive scrivener's errors contained in the First Amended Complaint e-filed on May 28, 2025 (Filing # 223973244).  The corrections are as follows:

1. 1. **Caption** – The caption of the First Amended Complaint incorrectly read "OneBridge TDG MSO (US) LP, et al."; the caption is corrected to list every defendant by name as reflected above.
2. 2. **Body of Complaint** – Any reference to "et al." in describing defendants has been replaced with the full defendant list for clarity.
3. 3. No substantive allegations or counts have been altered; the changes are purely clerical.

A fully integrated **Corrected First Amended Complaint** reflecting the foregoing caption clarification is being filed contemporaneously with this Notice.  No new claims or factual allegations have been added.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Corrected Caption and the accompanying Corrected First Amended Complaint was served in accordance with Florida Rule of Judicial Administration 2.516 by e-mail on this 29th day of May, 2025, to:

John Houston Pope, Esq.
Epstein Becker & Green, P.C.

Counsel for Defendants
Service E-mail: JHPope@ebglaw.com

_____ May 29, 2025

Robert Rodriguez

7957 N University Dr, Ste 138

Parkland, FL 33073

E-mail: md1812@msn.com

Telephone: (772) 204-3529

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT

IN AND FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 502025CA004105XXXAMB

ROBERT RODRIGUEZ,
    Plaintiff,

v.

ONE BRIDGE MSO LLC, Independence Dental Management, Jared Helfant, Jacob Elefant, Edward Gelfand, Robert Klimov, Radu Olteanu.,
    Defendants.

FIRST AMENDED COMPLAINT I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter and the parties pursuant to Florida law, as the events giving rise to these claims occurred primarily within Palm Beach County, Florida.

2. Venue is proper in this Court because the agreements, business operations, and injuries to Plaintiff occurred in this jurisdiction.

3. Plaintiff Robert Rodriguez is an individual residing in Palm Beach County, Florida.

4. Defendants include both Florida-based and foreign individuals and entities who transacted business and committed acts within this jurisdiction giving rise to the claims herein.

II. FACTUAL BACKGROUND

14. In June 2022, during due diligence, Plaintiff and Jacob Elefant were invited by Defendant Edward Gelfand to Canada. The purpose of the trip, which occurred on or about July 5, 2022, was to showcase Dawson Dental offices, the operational support team that would purportedly support the acquired offices, and to introduce prospective investment partners. Edward represented that he had secured $100 million in growth capital and full ownership of Dawson Dental to support exponential scaling, which would significantly enhance valuation of our then current offices. In truth, One Bridge held only $14,000 in its operating account post-closing, and Dawson Dental had been acquired by DentalCorp in 2018. Edward had no independent rights to the Dawson platform, and these representations materially induced Plaintiff and Elefant to proceed with the sale under false pretenses.

15. Additionally, under the sale agreement, One Bridge was obligated to collect and then reimburse proceeds derived from treatment rendered prior to the closing. These

reimbursements were due after 90 days but before 120 days following the closing, providing members of the Aggregator sufficient time to examine the collection report and confirm the accuracy of the collected payable amount. The total amount exceeded $800,000. To date, Defendants have not reimbursed Plaintiff for these collections, constituting both a breach of contract and a misappropriation of funds intended for Aggregator stakeholders.

16. The amendment was used to falsely recharacterize Plaintiff's equity as "phantom" or Class B stock, stripping all economic and voting rights—despite Plaintiff never signing or consenting to the amendment, and despite Jared Helfant later providing a Verified Statement admitting he signed under duress and did not understand the legal impact.

17. Defendants intentionally inflated expenses by allocating OneBridge corporate overhead—including executive salaries, legal fees for defending unrelated arbitration and other law suits, and general administrative costs—to the Dental Group offices in which Plaintiff held equity. This improper accounting artificially suppressed EBITDA and allowed Defendants to avoid triggering Contingent Consideration payouts owed under Section 2.8 of the Sale Agreement.

18. The dental offices covered under the Aggregator structure were sold in the Independence Dental merger. Plaintiff was not compensated for his share of the proceeds from these offices. Defendants have failed to provide any accounting or explanation for this partial disposition of assets.

19. The equity of Plaintiff and co-owner Katrina Haro was allegedly converted into equity in Independence Dental HoldCo without vote, consent, valuation, or joinder. Instead, Defendants executed a Joinder Agreement directly with Jacob Elefant and Jared Helfant, purporting to transfer Aggregator equity—in violation of Section 2.2 and 10.2 of the Aggregator Agreement, which required 75% member vote and unanimous amendment approval.

20. Internal communications disseminated by leadership to employees of Dental Team Partners revealed that Defendants coordinated a three-party merger involving a total of 97 dental offices, while affirmatively excluding Plaintiff and misrepresenting the transaction as "stock-for-stock" with no distributions. The merger resulted in increased enterprise value, cost savings, and revenue consolidation—none of which were shared with Plaintiff despite his 5% indirect interest.

21. Plaintiff has submitted formal complaints to the Florida Attorney General's Office, which acknowledged receipt and referred the matter to the Consumer Protection Division for further review. The complaint was also forwarded to the Florida Office of Financial Regulation (OFR) due to its securities-related implications, and to the Florida Department of Health / Board of Dentistry, which is actively reviewing the underlying conduct. The issues presented include allegations of equity misappropriation, improper stock conversion, unauthorized governance amendments, and the misallocation of operating expenses to defraud minority stakeholders. These referrals demonstrate that multiple regulatory

agencies have deemed the matter sufficiently serious to warrant official review, recordkeeping, and potential enforcement action.

22. As part of the transaction involving the Aggregator and One Bridge, Plaintiff Robert Rodriguez was required to enter into an employment agreement directly with One Bridge MSO LLC. This agreement was not independent but was used as a key inducement to secure Plaintiff's consent to the sale. Without it, Plaintiff would not have agreed to the transaction. Following closing, Defendants immediately breached the employment agreement by failing to pay Plaintiff, forcing him to contribute personal capital for operating expenses, and stripping him of meaningful duties—leaving him no choice but to resign for cause.

23. The employment agreement includes an arbitration clause, and Plaintiff has pursued arbitration in good faith. However, Defendants have used delay tactics including the refusal to engage in discovery and the assertion of baseless counterclaims, including one for tortious interference based solely on Plaintiff's exercise of equity rights. These countermeasures are intended to stall resolution and shift blame to Plaintiff for asserting contractual and statutory entitlements.

24. Co-owner Katrina Haro also executed an employment agreement as part of the same sale transaction. During her employment, she reported unlawful insurance billing practices being carried out by the Defendants. Despite her objections, these practices were not discontinued. To avoid exposure to personal liability or criminal prosecution for fraudulent billing, Ms. Haro was compelled to resign. She subsequently initiated arbitration and ultimately accepted a minimal settlement amount due to financial constraints and the escalating legal fees intentionally incurred by Defendants to pressure her into discontinuing her claims. Although the settlement includes a confidentiality provision, such provision does not bar disclosure when the subject matter involves potentially criminal or fraudulent conduct. The facts surrounding her resignation and settlement further support Plaintiff's allegations of systemic misconduct, fraud, and coercive litigation practices used against minority stakeholders.

Additionally, where a signatory such as Jared Helfant has asserted duress in executing an agreement, Delaware law recognizes the agreement as voidable, and potentially void ab initio where it operates to disenfranchise equity holders without authority (see Absalom Absalom Trust v. Saint Gervais LLC, 2022 WL 17895204 (Del. Ch.)).

Delaware law requires strict adherence to the procedural requirements of operating and contribution agreements. As held in Gatz Properties v. Auriga Capital, 59 A.3d 1206 (Del. 2012), and reinforced by VGS, Inc. v. Castiel, 2000 WL 1277372 (Del. Ch.), amendments that eliminate or alter equity rights without proper consent or through procedural manipulation are invalid.

Pursuant to Section 12.1 of the governing Sales Agreement, the parties agreed that Delaware law governs all disputes arising from or related to the agreement. Accordingly,

the validity, enforceability, and effect of the purported January 27, 2025 amendment must be determined under Delaware law.


## COUNT XIV – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff asserts that all Defendants knowingly interfered with Plaintiff's reasonable expectations under the Aggregator Agreement and Sale Agreement. Defendants:

• Backdated documents to create the false impression of 100% ownership by One Bridge at the time of sale—a misrepresentation Robert Klimov acknowledged was necessary to complete the deal with Independence Dental, which required full ownership of all participating offices. Plaintiff's equity rights had already vested as of June 5, 2023 and were known to Defendants and their counsel, undermining the rationale that the backdating was merely a 'scrivener's error.'

• Misallocated operating expenses to suppress EBITDA,

• Failed to disclose contingent payments, and

• Excluded Plaintiff from the merger benefits that increased organizational value.

Relief: Compensatory damages, declaratory judgment restoring Plaintiff's equity, and equitable accounting of all proceeds from the transaction.


## COUNT XV – RESCISSION / VOIDANCE OF FRAUDULENT AMENDMENT

Plaintiff seeks an order voiding the "Amendment to the Distribution and Contribution Agreement" based on:

• Lack of required vote and consent,

• Jared Helfant's admission of duress,

• Backdating to conceal its true date,

• And misuse to deprive Plaintiff of vested equity.

Relief: Declaration of invalidity, injunctive relief against enforcement, and restitution of converted equity.


## COUNT XVI – EQUITABLE ACCOUNTING AND CONSTRUCTIVE TRUST

Plaintiff requests that the Court compel Defendants to:

• Produce financial records for the sale and post-sale performance,

• Disclose all consideration (cash or stock) received by Aggregator or its members,

• Impose a constructive trust over any Independence Dental shares or proceeds wrongfully withheld.

## COUNT XVII – FRAUDULENT INDUCEMENT (PROMISSORY NOTE)

Plaintiff accepted a promissory note in reliance on Defendants' assurance that:

• It would be forgiven in two years,

• It was not true debt, but deferred compensation,

• And that his real equity value would come via performance payouts.

Instead, Defendants:

• Are now enforcing the note,

• Deny Plaintiff's equity,

• And are treating the note as personal debt while excluding him from distributions.

## COUNT XVIII – MINORITY SHAREHOLDER OPPRESSION

Defendants systematically excluded Plaintiff from decision-making, distributions, and information access, including:

• Concealing financials,

• Refusing accounting,

• Backdating governance changes,

• And diluting or converting equity without authority.

Under Florida law, this amounts to oppressive conduct and breach of fiduciary duty to minority equity holders.

## COUNT XIX – CIVIL RICO

Defendants acted as an enterprise engaging in a pattern of racketeering activity in violation of Florida's Civil Remedies for Criminal Practices Act (§ 772.104) and the Florida RICO Act (§§ 895.01–895.06).

Racketeering conduct included: wire fraud, extortion, securities fraud, obstruction of justice, and theft.

Plaintiff seeks treble damages, punitive damages, attorneys' fees, and all equitable relief available under law.

Plaintiff realleges and incorporates all prior allegations. Plaintiff alleges that Independence Dental willfully and knowingly participated in a coordinated scheme with One Bridge MSO LLC, Edward Gelfand, and Robert Klimov to deprive Plaintiff of his rightful equity interest in dental offices sold during the course of the Aggregator transaction. Despite receiving written notice of Plaintiff's claim to equity and ownership, Independence Dental finalized the acquisition and participated in the financial restructuring of the practices with knowledge of unresolved ownership claims. Their coordinated actions constitute a civil conspiracy to accomplish an unlawful objective and injure Plaintiff.

Plaintiff served written demand for damages pursuant to Fla. Stat. § 772.11 on May 26, 2025. Plaintiff reserves the right to amend this Complaint to seek treble damages and attorneys' fees under Florida law should Defendants fail to satisfy said demand within 30 days of service. This reservation is made in accordance with the statutory requirements to preserve Plaintiff's claim for enhanced civil remedies.

COUNT XX – CIVIL CONSPIRACY AGAINST INDEPENDENCE DENTAL

Plaintiff realleges and incorporates all prior allegations. Plaintiff alleges that Independence Dental knowingly received and benefited from assets and financial interests in dental practices in which Plaintiff held a vested equity interest. Despite notice, they failed to take corrective action or provide compensation, and instead retained ownership and profits that were rightfully Plaintiff's. Retaining the benefit of Plaintiff's equity without compensation constitutes unjust enrichment, and Plaintiff seeks restitution for all value wrongfully obtained by Independence Dental.

COUNT XXI – UNJUST ENRICHMENT AGAINST INDEPENDENCE DENTAL

Plaintiff realleges and incorporates all prior allegations. Independence Dental knew or should have known that One Bridge MSO LLC and its principals owed fiduciary duties to Plaintiff as an equity owner. By proceeding with the acquisition and disregarding Plaintiff's claims, Independence Dental materially assisted in the breach of those duties. Their conduct constitutes aiding and abetting of fiduciary breaches that caused significant harm to Plaintiff's rights and economic interests.

COUNT XXII – AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

Plaintiff seeks a judicial declaration that his equity interest was never lawfully extinguished and that any transfer of interests to Independence Dental was void or voidable due to fraudulent inducement, backdated amendments, and procedural violations of the Aggregator Agreement. Plaintiff further seeks a declaration that any ownership claims by Independence Dental over the disputed equity are invalid until Plaintiff's rights are resolved.

COUNT XXIII – DECLARATORY JUDGMENT AGAINST INDEPENDENCE DENTAL

Plaintiff realleges and incorporates all prior allegations. Plaintiff seeks the imposition of a constructive trust over all assets, distributions, or shares held by Independence Dental that are attributable to Plaintiff's equity interest in the Aggregator practices. Equity demands that any proceeds or property derived from that interest be held in trust for Plaintiff's benefit until rightful title is determined.

COUNT XXIV – CONSTRUCTIVE TRUST

Plaintiff realleges and incorporates all prior allegations. Plaintiff alleges that Independence Dental knowingly accepted property and financial value in which Plaintiff had a legal right, despite prior notice. By failing to investigate or withhold proceeds pending resolution, and participating in the permanent deprivation of Plaintiff's interests, Independence Dental committed civil theft. Plaintiff seeks treble damages, costs, and attorneys' fees as permitted under Florida law.

COUNT XXV – CIVIL THEFT (FLORIDA STAT. § 772.11)

IV. PRAYER FOR RELIEF

In addition to prior relief, Plaintiff now also seeks:

• Rescission of backdated amendment and declaration that it is null and void;

• Full accounting of EBITDA and contingent consideration;

• Restitution or the cash equivalent of Plaintiff's 25% ownership interest in the Aggregator's 20% equity stake in the dental group sold to Independence Dental, with the precise value to be determined through discovery;

• Imposition of a constructive trust over Independence Dental stock issued to Aggregator;

• Injunctive relief enjoining any further stock conversion, dilution, or legal enforcement of the amendment or promissory note;

• Punitive damages for fraudulent conduct, civil theft, and retaliation;

• Treble damages under § 772.11 for civil theft;

• Declaratory judgment recognizing Plaintiff's continuing rights in remaining unsold offices.

• Any and all other relief this Court deems just and proper.

• Monies owed to Plaintiff pursuant to the second contingent payout provision outlined in the original sale agreement;

• Plaintiff's proportional share of collected accounts receivable derived from dental treatment rendered prior to closing;

• Quarterly distributions wrongfully withheld from Plaintiff in violation of the governing agreements;

• Any and all additional damages and equitable remedies this Court deems just and appropriate under the circumstances;

**FORUM SELECTION CLAUSE REBUTTAL**

Forum Selection Clause Not Enforceable

While the sale agreement includes a forum selection clause referencing Delaware, enforcement of such clause would be unjust and unreasonable under the circumstances. Plaintiff alleges that the entire transaction was fraudulently induced and that key documents—such as the amendment recharacterizing Plaintiff's equity—were executed under duress and misrepresented as scrivener's errors.

Moreover, all material conduct—including the operation, misappropriation, and disposition of assets—occurred in Florida. The Defendants reside, are registered, or operate in Florida, and Florida is the situs of all relevant conduct. As such, Florida has the most significant interest in adjudicating this matter. Enforcing the Delaware forum clause would contravene public policy and deprive Plaintiff of meaningful relief.

_____   May 29, 2025
Robert Rodriguez
Pro Se Plantiff
7957 N University Dr, Ste 138
Parkland, FL 33067
772-204-3529
md1812@msn.com

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT

IN AND FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 502025CA004105XXXAMB

ROBERT RODRIGUEZ,
     Plaintiff,

v.

ONE BRIDGE MSO LLC, et al.,
     Defendants.


SECOND AMENDED COMPLAINT


VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES


Plaintiff, ROBERT RODRIGUEZ ("Plaintiff"), pro se, sues Defendants ONE BRIDGE MSO LLC,

EDWARD GELFAND, JACOB ELEFANT, JARED HELFANT, ROBERT KLIMOV, and

INDEPENDENCE DENTAL MANAGEMENT (collectively, "Defendants"), and states:


I. PARTIES

1. Plaintiff is an individual residing at 7957 N University Dr, Ste 138, Parkland, FL 33073.

2. Defendant One Bridge MSO LLC is a limited liability company with its principal place of

business at 2826 E Oakland Park Blvd, Ste 300, Fort Lauderdale, FL 33306.

3. Defendant Edward Gelfand is an individual residing at 72 Old Forest Hill Rd, Toronto, ON

M5P 2R4.

4. Defendant Jacob Elefant is an individual residing at 7119 Villa Marbella, Boca Raton, FL

33433.

5. Defendant Jared Helfant is an individual residing at 1276 NE 94th St, Miami Shores, FL 33138.

6. Defendant Robert Klimov is affiliated with One Bridge MSO LLC and operates out of 2826 E Oakland Park Blvd, Ste 300, Fort Lauderdale, FL 33306.

7. Defendant Radu Olteanu is an individual residing at 9105 Northwest 164th St, Hialeah, FL 33018

8. Defendant Independence Dental Management is a dental service organization with its address at 200 Park Ave, 45th Floor, New York NY 10166

II. JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter and the parties pursuant to Florida law, as the events giving rise to these claims occurred primarily within Palm Beach County, Florida.

10. Venue is proper in this Court because the agreements, business operations, and injuries to Plaintiff occurred in this jurisdiction.

11. Plaintiff Robert Rodriguez is an individual residing in Broward County, Florida.

12. Defendants include both Florida-based and foreign individuals and entities who transacted business and committed acts within this jurisdiction giving rise to the claims herein.

III. FACTUAL BACKGROUND

13. In June 2022, during due diligence, Plaintiff and Jacob Elefant were invited by Defendant Edward Gelfand to Canada. The purpose of the trip, which occurred on or about July 5, 2022, was to showcase Dawson Dental offices, the operational support team that would purportedly support the acquired offices, and to introduce prospective investment partners. Edward represented that he had secured $100 million in growth capital and full ownership of Dawson Dental to support exponential scaling, which would significantly enhance valuation of our then current offices. In truth, One Bridge held only $14,000 in its operating account post-closing, and Dawson Dental had been acquired by DentalCorp in 2018. Edward had no independent rights to the Dawson platform, and these representations materially induced Plaintiff and Elefant to proceed with the sale under false pretenses.

14. Additionally, under the sale agreement, One Bridge was obligated to collect and then reimburse proceeds derived from treatment rendered prior to the closing. These reimbursements were due after 90 days but before 120 days following the closing,

providing members of the Aggregator sufficient time to examine the collection report and confirm the accuracy of the collected payable amount. The total amount exceeded $800,000. To date, Defendants have not reimbursed Plaintiff for these collections, constituting both a breach of contract and a misappropriation of funds intended for Aggregator stakeholders.

15. The amendment was used to falsely recharacterize Plaintiff's equity as "phantom" or Class B stock, stripping all economic and voting rights—despite Plaintiff never signing or consenting to the amendment, and despite Jared Helfant later providing a Verified Statement admitting he signed under duress and did not understand the legal impact.

16. Defendants intentionally inflated expenses by allocating OneBridge corporate overhead—including executive salaries, legal fees for defending unrelated arbitration and other law suits, and general administrative costs—to the Dental Group offices in which Plaintiff held equity. This improper accounting artificially suppressed EBITDA and allowed Defendants to avoid triggering Contingent Consideration payouts owed under Section 2.8 of the Sale Agreement.

17. The dental offices covered under the Aggregator structure were sold in the Independence Dental merger. Plaintiff was not compensated for his share of the proceeds from these offices. Defendants have failed to provide any accounting or explanation for this partial disposition of assets.

18. The equity of Plaintiff and co-owner Katrina Haro was allegedly converted into equity in Independence Dental HoldCo without vote, consent, valuation, or joinder. Instead, Defendants executed a Joinder Agreement directly with Jacob Elefant and Jared Helfant, purporting to transfer Aggregator equity—in violation of Section 2.2 and 10.2 of the Aggregator Agreement, which required 75% member vote and unanimous amendment approval.

19. Internal communications disseminated by leadership to employees of Dental Team Partners revealed that Defendants coordinated a three-party merger involving a total of 97 dental offices, while affirmatively excluding Plaintiff and misrepresenting the transaction as "stock-for-stock" with no distributions. The merger resulted in increased enterprise value, cost savings, and revenue consolidation—none of which were shared with Plaintiff despite his 5% indirect interest.

20. Plaintiff has submitted formal complaints to the Florida Attorney General's Office, which acknowledged receipt and referred the matter to the Consumer Protection Division for further review. The complaint was also forwarded to the Florida Office of Financial Regulation (OFR) due to its securities-related implications, and to the Florida Department of Health / Board of Dentistry, which is actively reviewing the underlying conduct. The issues presented include allegations of equity misappropriation, improper stock conversion, unauthorized governance amendments, and the misallocation of operating expenses to defraud minority stakeholders. These referrals demonstrate that multiple regulatory

agencies have deemed the matter sufficiently serious to warrant official review, recordkeeping, and potential enforcement action.

21. As part of the transaction involving the Aggregator and One Bridge, Plaintiff Robert Rodriguez was required to enter into an employment agreement directly with One Bridge MSO LLC. This agreement was not independent but was used as a key inducement to secure Plaintiff's consent to the sale. Without it, Plaintiff would not have agreed to the transaction. Following closing, Defendants immediately breached the employment agreement by failing to pay Plaintiff, forcing him to contribute personal capital for operating expenses, and stripping him of meaningful duties—leaving him no choice but to resign for cause.

22. The employment agreement includes an arbitration clause, and Plaintiff has pursued arbitration in good faith. However, Defendants have used delay tactics including the refusal to engage in discovery and the assertion of baseless counterclaims, including one for tortious interference based solely on Plaintiff's exercise of equity rights. These countermeasures are intended to stall resolution and shift blame to Plaintiff for asserting contractual and statutory entitlements.

23. Co-owner Katrina Haro also executed an employment agreement as part of the same sale transaction. During her employment, she reported unlawful insurance billing practices being carried out by the Defendants. Despite her objections, these practices were not discontinued. To avoid exposure to personal liability or criminal prosecution for fraudulent billing, Ms. Haro was compelled to resign. She subsequently initiated arbitration and ultimately accepted a minimal settlement amount due to financial constraints and the escalating legal fees intentionally incurred by Defendants to pressure her into discontinuing her claims. Although the settlement includes a confidentiality provision, such provision does not bar disclosure when the subject matter involves potentially criminal or fraudulent conduct. The facts surrounding her resignation and settlement further support Plaintiff's allegations of systemic misconduct, fraud, and coercive litigation practices used against minority stakeholders.

Additionally, where a signatory such as Jared Helfant has asserted duress in executing an agreement, Delaware law recognizes the agreement as voidable, and potentially void ab initio where it operates to disenfranchise equity holders without authority (see Absalom Absalom Trust v. Saint Gervais LLC, 2022 WL 17895204 (Del. Ch.)).

Delaware law requires strict adherence to the procedural requirements of operating and contribution agreements. As held in Gatz Properties v. Auriga Capital, 59 A.3d 1206 (Del. 2012), and reinforced by VGS, Inc. v. Castiel, 2000 WL 1277372 (Del. Ch.), amendments that eliminate or alter equity rights without proper consent or through procedural manipulation are invalid.

Pursuant to Section 12.1 of the governing Sales Agreement, the parties agreed that Delaware law governs all disputes arising from or related to the agreement. Accordingly,

the validity, enforceability, and effect of the purported January 27, 2025 amendment must be determined under Delaware law.

## COUNT IV – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff asserts that all Defendants knowingly interfered with Plaintiff's reasonable expectations under the Aggregator Agreement and Sale Agreement. Defendants:

• Backdated documents to create the false impression of 100% ownership by One Bridge at the time of sale—a misrepresentation Robert Klimov acknowledged was necessary to complete the deal with Independence Dental, which required full ownership of all participating offices. Plaintiff's equity rights had already vested as of June 5, 2023 and were known to Defendants and their counsel, undermining the rationale that the backdating was merely a 'scrivener's error.'

• Misallocated operating expenses to suppress EBITDA,

• Failed to disclose contingent payments, and

• Excluded Plaintiff from the merger benefits that increased organizational value.

Relief: Compensatory damages, declaratory judgment restoring Plaintiff's equity, and equitable accounting of all proceeds from the transaction.

## COUNT V – RESCISSION / VOIDANCE OF FRAUDULENT AMENDMENT

Plaintiff seeks an order voiding the "Amendment to the Distribution and Contribution Agreement" based on:

• Lack of required vote and consent,

• Jared Helfant's admission of duress,

• Backdating to conceal its true date,

• And misuse to deprive Plaintiff of vested equity.

Relief: Declaration of invalidity, injunctive relief against enforcement, and restitution of converted equity.

## COUNT VI – EQUITABLE ACCOUNTING AND CONSTRUCTIVE TRUST

Plaintiff requests that the Court compel Defendants to:

• Produce financial records for the sale and post-sale performance,

• Disclose all consideration (cash or stock) received by Aggregator or its members,

• Impose a constructive trust over any Independence Dental shares or proceeds wrongfully withheld.


## COUNT VII – FRAUDULENT INDUCEMENT (PROMISSORY NOTE)

Plaintiff accepted a promissory note in reliance on Defendants' assurance that:

• It would be forgiven in two years,

• It was not true debt, but deferred compensation,

• And that his real equity value would come via performance payouts.

Instead, Defendants:

• Are now enforcing the note,

• Deny Plaintiff's equity,

• And are treating the note as personal debt while excluding him from distributions.


## COUNT VIII – MINORITY SHAREHOLDER OPPRESSION

Defendants systematically excluded Plaintiff from decision-making, distributions, and information access, including:

• Concealing financials,

• Refusing accounting,

• Backdating governance changes,

• And diluting or converting equity without authority.

Under Florida law, this amounts to oppressive conduct and breach of fiduciary duty to minority equity holders.


## COUNT IX – CIVIL RICO

Defendants acted as an enterprise engaging in a pattern of racketeering activity in violation of Florida's Civil Remedies for Criminal Practices Act (§ 772.104) and the Florida RICO Act (§§ 895.01–895.06).

Racketeering conduct included: wire fraud, extortion, securities fraud, obstruction of justice, and theft.

Plaintiff seeks treble damages, punitive damages, attorneys' fees, and all equitable relief available under law.

Plaintiff realleges and incorporates all prior allegations. Plaintiff alleges that Independence Dental willfully and knowingly participated in a coordinated scheme with One Bridge MSO LLC, Edward Gelfand, and Robert Klimov to deprive Plaintiff of his rightful equity interest in dental offices sold during the course of the Aggregator transaction. Despite receiving written notice of Plaintiff's claim to equity and ownership, Independence Dental finalized the acquisition and participated in the financial restructuring of the practices with knowledge of unresolved ownership claims. Their coordinated actions constitute a civil conspiracy to accomplish an unlawful objective and injure Plaintiff.

Plaintiff served written demand for damages pursuant to Fla. Stat. § 772.11 on May 26, 2025. Plaintiff reserves the right to amend this Complaint to seek treble damages and attorneys' fees under Florida law should Defendants fail to satisfy said demand within 30 days of service. This reservation is made in accordance with the statutory requirements to preserve Plaintiff's claim for enhanced civil remedies.

COUNT X – CIVIL CONSPIRACY AGAINST INDEPENDENCE DENTAL

Plaintiff realleges and incorporates all prior allegations. Plaintiff alleges that Independence Dental knowingly received and benefited from assets and financial interests in dental practices in which Plaintiff held a vested equity interest. Despite notice, they failed to take corrective action or provide compensation, and instead retained ownership and profits that were rightfully Plaintiff's. Retaining the benefit of Plaintiff's equity without compensation constitutes unjust enrichment, and Plaintiff seeks restitution for all value wrongfully obtained by Independence Dental.

COUNT XI – UNJUST ENRICHMENT AGAINST INDEPENDENCE DENTAL

Plaintiff realleges and incorporates all prior allegations. Independence Dental knew or should have known that One Bridge MSO LLC and its principals owed fiduciary duties to Plaintiff as an equity owner. By proceeding with the acquisition and disregarding Plaintiff's claims, Independence Dental materially assisted in the breach of those duties. Their conduct constitutes aiding and abetting of fiduciary breaches that caused significant harm to Plaintiff's rights and economic interests.

COUNT XII – AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

Plaintiff seeks a judicial declaration that his equity interest was never lawfully extinguished and that any transfer of interests to Independence Dental was void or voidable due to fraudulent inducement, backdated amendments, and procedural violations of the Aggregator Agreement. Plaintiff further seeks a declaration that any ownership claims by Independence Dental over the disputed equity are invalid until Plaintiff's rights are resolved.

COUNT XIII – DECLARATORY JUDGMENT AGAINST INDEPENDENCE DENTAL

Plaintiff realleges and incorporates all prior allegations. Plaintiff seeks the imposition of a constructive trust over all assets, distributions, or shares held by Independence Dental that are attributable to Plaintiff's equity interest in the Aggregator practices. Equity demands that any proceeds or property derived from that interest be held in trust for Plaintiff's benefit until rightful title is determined.

COUNT XIV – CONSTRUCTIVE TRUST

Plaintiff realleges and incorporates all prior allegations. Plaintiff alleges that Independence Dental knowingly accepted property and financial value in which Plaintiff had a legal right, despite prior notice. By failing to investigate or withhold proceeds pending resolution, and participating in the permanent deprivation of Plaintiff's interests, Independence Dental committed civil theft. Plaintiff seeks treble damages, costs, and attorneys' fees as permitted under Florida law.

COUNT XV – CIVIL THEFT (FLORIDA STAT. § 772.11)

IV. PRAYER FOR RELIEF

In addition to prior relief, Plaintiff now also seeks:

• Rescission of backdated amendment and declaration that it is null and void;

• Full accounting of EBITDA and contingent consideration;

• Restitution or the cash equivalent of Plaintiff's 25% ownership interest in the Aggregator's 20% equity stake in the dental group sold to Independence Dental, with the precise value to be determined through discovery;

• Imposition of a constructive trust over Independence Dental stock issued to Aggregator;

• Injunctive relief enjoining any further stock conversion, dilution, or legal enforcement of the amendment or promissory note;

• Punitive damages for fraudulent conduct, civil theft, and retaliation;

• Treble damages under § 772.11 for civil theft;

• Declaratory judgment recognizing Plaintiff's continuing rights in remaining unsold offices.

• Any and all other relief this Court deems just and proper.

• Monies owed to Plaintiff pursuant to the second contingent payout provision outlined in the original sale agreement;

• Plaintiff's proportional share of collected accounts receivable derived from dental treatment rendered prior to closing;

• Quarterly distributions wrongfully withheld from Plaintiff in violation of the governing agreements;

• Any and all additional damages and equitable remedies this Court deems just and appropriate under the circumstances;

COUNT XVI – SUCCESSOR LIABILITY / FRAUDULENT TRANSFER

Plaintiff realleges and incorporates all prior allegations. Plaintiff asserts that Independence Dental Management, with full knowledge of Plaintiff's vested equity interest and pending dispute, knowingly proceeded with a transaction that unjustly enriched itself and deprived Plaintiff of his rightful compensation.

Despite receiving formal notice—including a cease-and-desist letter and direct communications outlining ownership claims—Independence Dental:

Finalized the acquisition without verifying equity ownership or securing consent from all stakeholders;

Failed to escrow or withhold disputed equity proceeds pending resolution;

Benefited from the acquisition of offices in which Plaintiff maintained a 25% equity stake, while disbursing no value to him;

Engaged in or ratified the concealment of additional dental offices included in the transaction to suppress valuation and limit liability.

These actions qualify under Florida law as either a de facto merger or a fraudulent transfer, both of which impose successor liability. Independence Dental is equitably estopped from denying responsibility for debts, equity obligations, and misappropriations arising from the Aggregator transaction.

Plaintiff seeks a judgment holding Independence Dental jointly and severally liable for all damages arising from the wrongful transfer and retention of equity interests originating from OneBridge MSO LLC.

FORUM SELECTION CLAUSE REBUTTAL

Forum Selection Clause Not Enforceable

While the sale agreement includes a forum selection clause referencing Delaware, enforcement of such clause would be unjust and unreasonable under the circumstances. Plaintiff alleges that the entire transaction was fraudulently induced and that key documents—such as the amendment recharacterizing Plaintiff's equity—were executed under duress and misrepresented as scrivener's errors.

Moreover, all material conduct—including the operation, misappropriation, and disposition of assets—occurred in Florida. The Defendants reside, are registered, or operate in Florida, and Florida is the situs of all relevant conduct. As such, Florida has the most significant interest in adjudicating this matter. Enforcing the Delaware forum clause would contravene public policy and deprive Plaintiff of meaningful relief.

Respectfully submitted,

ROBERT RODRIGUEZ
7957 N University Dr, Ste 138
Parkland, FL 33067
Email: rrodriguez0503@hotmail.com
Phone: (772) 204-3529
Pro Se Plaintiff
 June 1, 2025

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION

CASE NO.: 502025CA004105XXXAMB

ROBERT RODRIGUEZ,

   Plaintiff,

v.

EDWARD GELFAND, RADU OLTEANU, ROBERT KLIMOV, JACOB ELEFANT,

JARED HELFANT, ONEBRIDGE MSO LLC, and INDEPENDENCE DENTAL MANAGEMENT,

   Defendants.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Second Amended
Complaint was served on the following parties on June 1, 2025, as indicated below:

Via Florida Courts E-Filing Portal to counsel of record for:
- Edward Gelfand
- Robert Klimov
- Radu Olteanu
- OneBridge MSO LLC

Via U.S. Mail to:
- Jacob Elefant
- Jared Helfant
- Independence Dental Management

Respectfully submitted,

Robert Rodriguez (Pro Se)
7957 N University Drive, Ste 138
Parkland, FL 33067
Email: md1812@msn.com
Phone: 772-204-3529
June 1, 2025

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**
CIVIL DIVISION

CASE NO.: 502025CA004105XXXAMB
DIVISION: AD

ROBERT RODRIGUEZ,
Plaintiff,

v.

ONE BRIDGE MSO LLC, EDWARD GELFAND, JACOB ELEFANT, RADU OLTEANU,
JARED HELFANT, ROBERT KLIMOV, and INDEPENDENCE DENTAL MANAGEMENT,
Defendants.

## DEFENDANT JARED HELFANT'S VERIFIED RESPONSE TO COMPLAINT

### I. GENERAL DENIAL
Defendant denies each and every allegation contained in the Complaint except those expressly
admitted herein.

### II. AFFIRMATIVE DEFENSE – DURESS, COERCION, AND FRAUDULENT
### INDUCEMENT
1. On or about January 27, 2025, Defendant received a DocuSign request from EBG Law
   regarding a document purporting to convert existing equity into stock and referencing tax
   implications. Defendant did not understand the document and, after discussions with Jacob
   Elefant and Robert Rodriguez, agreed not to sign and to seek further clarification.
2. Beginning on or about February 17, 2025, Defendant was subjected to a relentless campaign
   of calls, text messages, and pressure from Robert Klimov and Edward Gelfand demanding
   immediate execution of the document.
3. When Defendant did not respond, he received repeated text messages urging him to sign,
   accompanied by explicit threats that failure to do so would result in financial ruin, a $10
   million lawsuit, and complete forfeiture of any compensation related to the sale.
4. Defendant was told by Robert Klimov and Edward Gelfand that the document was merely a
   'scrivener's error' correction. Defendant requested written assurances but was ignored.
5. Under distress, and misled by the statements made by Klimov, Gelfand, and their attorneys,
   Defendant signed the document under the false impression it was administrative.
6. Upon independent legal review post-signature, Defendant learned the document had
   materially different legal consequences and was misrepresented at the time of execution.

7. The document was not voluntarily signed but coerced through threats and misrepresentation. Therefore, it is voidable under Florida law.

### III. RESERVATION OF RIGHTS

Defendant reserves the right to amend this response and assert any additional defenses as may become available through discovery or further proceedings.

WHEREFORE, Defendant JARED HELFANT respectfully requests that this Honorable Court:

- Declare the contested document unenforceable and void based on economic duress, fraudulent inducement, and lack of informed consent;
- Dismiss any claims against Defendant based on the improperly executed document;
- Grant such other and further relief as this Court deems just and proper.

Dated: May 28, 2025

Respectfully submitted,

_Jared Helfant_ (signature)
Jared Helfant
1276 NE 94th St, Miami Shores, FL 33138

### VERIFICATION

I, Jared Helfant, under penalty of perjury, declare that I have read the foregoing Response to Complaint and that the facts stated herein are true and correct to the best of my knowledge and belief.

Executed on this 28 day of May, 2025.

_Jared Helfant_ (signature)
Jared Helfant

STATE OF FLORIDA
COUNTY OF Miami dade

Sworn to (or affirmed) and subscribed before me this 28 day of May, 2025, by Jared Helfant, who is personally known to me or has produced valid identification.

NOTARY PUBLIC – STATE OF FLORIDA

_(signature)_
(Signature of Notary)

BELKIS A. MONCADA
Notary Public, State of Florida
Commission# HH 300596
My comm. expires Oct. 31, 2026

_Belkis A. Moncada_
(Name of Notary – Printed)

My Commission Expires: 10-31-26

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION AD
CASE NO. 50-2025-CA-004105-XXXA-MB

ROBERT RODRIGUEZ,

    Plaintiff,

vs.

EDWARD GELFAND, et al.,

    Defendants.

_____/

### ORDER TO TRANSFER CAUSE TO CIRCUIT CIVIL DIVISION "AO"

THE COURT upon review of the court file, notes a companion case pending in Circuit Civil Division AO which bears a lower case number (Case No. 50 2025-CA-003921 XXXA MB). Accordingly, it is hereby

ORDERED and ADJUDGED that pursuant to Administrative Order 2.302-09/08, the Clerk is directed forthwith to transfer this case (Case No. 50 2025-CA-004105 XXXA MB) to Circuit Civil Division AO, which Division presides over the lower related case number. All hearings and motions set in Division AD are cancelled.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida.

50-2025-CA-004105-XXXA-MB    06/03/2025
Jaimie R. Goodman    Circuit Judge

50-2025-CA-004105-XXXA-MB    06/03/2025
Jaimie R. Goodman
Circuit Judge

Case No. 50-2025-CA-004105-XXXA-MB

**COPIES TO:**

ROBERT RODRIGUEZ 7957 N UNIVERSITY DRIVE,   md1812@msn.com
                             SUITE 138                              rrodriguez0503@hotmail.com
                             PARKLAND, FL 33067